Davis *et al. vs.* Gurley.

---

CHARLES DAVIS *et al.*, plaintiffs in error, *vs.* JAMES GURLEY, defendant in error.

(BY TWO JUDGES.) To entitle the plaintiff to recover in an action against a defendant for the unlawful interference with his right of "common of pasturage," such right as against the defendant must first be established, and it must be shown that the defendant has *unlawfully* interfered with it. 12th February, 1872.

Pleading. Common. Trespass. Before Judge KNIGHT. Union Superior Court. October Term, 1871.

Gurley averred that he owned $2,000 00 worth of cattle and a prescriptive, legal right of way, common use, profit, possession and enjoyment for them for pasturage upon the wild productions of a large area of wild, unarable and uncultivated mountain lands, contiguous to his house and bordering on the Blue Ridge Mountains and Tuccoa river, of the annual value of $500 00, which, in common with his neighbors, he had enjoyed for such pasturage for thirty years last

past, yet said Davis *et al.*, by force and arms, willfully, fraudulently and maliciously dispossessed him and prevented such pasturage of his cattle, etc., by running a fence between Gurley's land and said wild lands for a distance of five miles, so as to shut out said cattle, etc., from said range, to his damage, etc.   In another count he averred that said defendants had maliciously killed his certain cattle, to his damage, etc.

This declaration was demurred to because of a misjoinder of actions, and the first count was demurred to because it contained no cause of action.   The demurrer was overruled.

The testimony showed that Davis *et al.* claimed certain land for which they said they paid $12,000 00, and on it built a fence which prevented plaintiff's cattle from going to the range, which they had fed upon for many years, except by going a mile and a half further than before; the fence was five miles long, and was built, as Davis said, to keep Gurley's cattle apart from *his* cattle, and prevent trouble by his tenants hunting Gurley's stock.   It was not pretended that Gurley had any right to said pasturage, except that, without interruption, his cattle, etc., had fed there for years. It was shown that some of Gurley's cattle were killed on Davis' land, inside said fence, and some few facts cast suspicion on defendants, but each of them swore that he did not kill said cattle or cause it to be done.   The inconvenience to Gurley and his damage by killing his cattle was proved.

The Court charged the jury, that if defendants owned or had legal possession of said land, whereon the fence was, they had a right to fence off the said range; but that they should show legal title by deeds, or prescription for twenty years, with claim of right in themselves or in the true owners, and that they were the agents of the owners.   And if they failed to show such title, plaintiff could recover for fencing out his cattle.   In order to bar or end a right of common by enclosing, the land must be enclosed, a fence built through the country but not enclosing the land will not bar or

end the right of common. He was requested to charge, "common, because of vicinage, is a mutual right in the inhabitants of a neighborhood of suffering their cattle to stray into other's fields without molestation, until either of them shall enclose the land and bar out the others; when it is so enclosed, the right of common ceases, ends, becomes extinguished." He so charged, adding "provided the persons enclosing it have the true, legal title to the land." The jury found for the plaintiff for $125 00 and costs. Defendant's counsel moved for a new trial, upon the grounds that the Court erred in overruling said demurrer, in charging as he did, and qualifying said request to charge as he did, and because the verdict was contrary to the law and evidence. The Court refused a new trial, and error is assigned on said grounds.

C. J. WELBORN; J. S. FAIN; H. P. BELL, by G. N. LESTER, for plaintiff in error.

WEIR BOYD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants, containing two counts, one for interfering with his right of common of pasturage, on lands granted by the State in the county of Union, and the other to recover damages for killing his stock. There was a demurrer to the declaration which the Court overruled, and, in our judgment, properly overruled. On the trial of the case, after hearing the evidence and charge of the Court, the jury returned a verdict for the plaintiff for $125 00. A motion was made for a new trial, which was overruled by the Court, and the defendants excepted. There is no evidence in the record that the defendants killed the plaintiff's stock, which would, under the law, authorize the jury to find a verdict against them. That the *unlawful* interference with one's right of common

of pasturage is actionable when the right exists, is undoubtedly true, but the difficulty with the plaintiff in this case is, that the evidence in the record does not establish such right of common of pasturage against the defendants; or, if it does, that the defendants have *unlawfully* interfered with it.

Let the judgment of the Court below be reversed.